1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                         DISTRICT OF ARIZONA
10

11  **Mark McGlasson,**                    )
12              **Plaintiff,**             )    **2:15-cv-01512 JWS**
13       **vs.**                           )    **ORDER AND OPINION**
14  **Long Term Disability Coverage for**  )    **[Re: Motions at Docket 14 & 27]**
    **All Active Full-Time and Part-Time** )
15  **Employees, other than those**        )
    **classified by the Employer as Pilots,** )
16  **who are U.S. residents and whose**   )
    **Total Annual Cash Compensation is**  )
17  **between $60,000 and $199,999,**      )
    **excluding temporary and seasonal**   )
18  **Employees, an ERISA benefit plan;**  )
    **The Prudential Insurance Company**   )
19  **of America, a plan fiduciary; and**  )
    **JPMorgan Chase Bank, N.A., a plan**  )
20  **administrator,**                     )
                                           )
21              **Defendants.**            )
                                           )
22  ─────────────────────────────────────

23              **I.  MOTION PRESENTED**

24       At docket 14, Defendants The Prudential Insurance Company of America

25  ("Prudential"), Long Term Disability Coverage for All Active Full-Time and Part-Time

26  Employees, other than those classified by the Employer as Pilots, who are U.S.

27  residents and whose Total Annual Cash Compensation is between $60,000 and

28  $199,999, excluding temporary and seasonal Employees, an ERISA benefit plan (the

    "Plan"), and JPMorgan Chase Bank ("JPMorgan") (collectively, "Defendants") move to

dismiss all counts in the complaint submitted by Plaintiff Mark McGlasson ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  Plaintiff responds at docket 23.  Defendant replies at docket 26.  Plaintiff requests oral argument, but it would not be of additional assistance to the court.

At docket 27, Plaintiff filed a Motion to Strike Portion of Defendants' Reply in Support of Their Motion to Dismiss, arguing that Defendants raised an immaterial matter in their motion to dismiss when they asserted that Plaintiff's LTD benefits are not exempt from Plaintiff's bankruptcy estate.  Defendants respond at docket 33.  Plaintiff replies at docket 34.

## II.  BACKGROUND

This action arises under the Employment Retirement Income Security Act of 1974 ("ERISA").  Plaintiff worked as a manager for JPMorgan.  He participated in and was a beneficiary of the Plan, which is an ERISA benefit plan offering short-term disability ("STD") and long-term disability ("LTD") benefits for certain JPMorgan employees.  Prudential insures and administers the claims for JPMorgan under the Plan.

In 2009, following back surgery, Plaintiff applied for and received STD benefits under the Plan.  He returned to work, but then had to have neck surgery in April 2011 and again received STD benefits.  Due to continuing difficulties with his back and neck, Plaintiff stopped working on August 29, 2011, and applied for LTD benefits.  He was approved for such benefits effective February 27, 2012, and continued to receive them until September 18, 2013.  Plaintiff's claim for LTD benefits beyond that date was denied by Prudential in a letter dated April 7, 2014.  After an appeal, Prudential upheld the decision to terminate LTD benefits by letter dated August 18, 2014.  Plaintiff submitted a voluntary second appeal by letter dated February 13, 2015.  Prudential denied the appeal by letter dated April 27, 2015.  During the appeal process, in July of 2014, Plaintiff filed for bankruptcy.

1  Plaintiff filed the lawsuit against Defendants in August of 2015.  The Complaint

2  alleges three causes of action.  Count I is for the recovery of plan benefits against

3  Prudential and the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B).  Counts II and III[1] are for

4  breach of fiduciary duty against Prudential and JPMorgan, respectively, pursuant to 29

5  U.S.C. § 1132(a)(3).[2]

6  Defendants seek dismissal of Count I based upon judicial estoppel because

7  Plaintiff failed to disclose his claim for LTD benefits in his bankruptcy petition.  After

8  Defendants filed the motion to dismiss, highlighting Plaintiff's failure to disclose, Plaintiff

9  reopened the bankruptcy petition and therefore argues that judicial estoppel should not

10  be applied because the omission was not intentional.  Defendants also seek dismissal

11  of Counts II and III arguing that Plaintiff is not seeking "appropriate equitable relief" but,

12  rather, is improperly repackaging his benefits-denial claim.  Plaintiff argues that there is

13  no categorical bar to raising both a claim for benefits under § 1132(a)(1)(B) and a claim

14  for equitable relief, including monetary surcharges, for a breach of fiduciary duty under

15  §1132(a)(3) and that he should be allowed to proceed with both claims, particularly at

16  this early stage in the litigation.

17  ### III.  STANDARD OF REVIEW

18  Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a

19  motion, "[a]ll allegations of material fact in the complaint are taken as true and

20  construed in the light most favorable to the nonmoving party."[3]  To be assumed true, the

21  allegations "may not simply recite the elements of a cause of action, but must contain

22  sufficient allegations of underlying facts to give fair notice and to enable the opposing

23

24  [1]Plaintiff erroneously labels Count III as another Count II.  The parties agree to refer to the breach of fiduciary duty claim against JPMorgan as Count III.

25

26  [2]Plaintiff also sought relief for breach of fiduciary duty against Prudential under 29 U.S.C. § 1132(a)(2), but the parties stipulated to the dismissal of those portions of Counts II and III that

27  seek relief under § 1132(a)(2) (Doc. 22), and the court entered an order granting dismissal to that extent (Doc. 23).

28  [3]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

party to defend itself effectively."[4]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[5]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[6]

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[11]

## IV.  DISCUSSION

"The civil enforcement provisions of ERISA, codified in § 1132(a), are 'the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting

---

[4]*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[5]*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[6]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[7]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8]*Id.*

[9]*Id.* (citing *Twombly*, 550 U.S. at 556).

[10]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[11]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr*, 652 F.3d at 1216.

-4-

improper processing of a claim for benefits.'"[12]  Under § 1132(a)(1)(B), a plan participant may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[13]  Under § 1132(a)(3) a plan participant may bring suit to "(A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan."[14]  Plaintiff's complaint raises a claim under both § 1132(a)(1)(B) (Count I) and § 1132(a)(3) (Counts II and III).  In Count I, Plaintiff seeks recovery of LTD benefits due under the terms of the Plan, as well as recovery of attorney's fees and prejudgment interest.  In Count II, Plaintiff seeks an injunction against Prudential to prevent certain, specific claims processing conduct, as well as a surcharge for extra-contractual losses Plaintiff suffered as a result of Prudential's conduct.  Count III simply seeks a generic injunction against JPMorgan.

Preliminarily, the court notes that Plaintiff cannot seek an injunction against Defendants on behalf of other plan participants similarly situated, because he has not brought a class action lawsuit.  Moreover, § 1132(a)(2) is the ERISA provision that provides a remedy for injuries to the Plan as a whole, but Plaintiff has conceded that he cannot bring such a claim and has stipulated to dismiss his complaint to the extent it seeks relief under §1132(a)(2).  Therefore, Plaintiff's request for an injunction in Counts II and III is necessarily limited to an injunction for his sole benefit to bar certain conduct on the part of Defendants in the event the parties have future interactions related to Plaintiff's LTD benefits after the lawsuit is resolved.

---

[12]*Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 953 (9th Cir. 2014) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987)).

[13]29 U.S.C. § 1132(a)(1)(B).

[14]29 U.S.C. § 1132(a)(3).

**A.    Count I**

Defendants seek dismissal of Count I based upon judicial estoppel because Plaintiff failed to disclose his pending claim for LTD benefits in his bankruptcy schedule of assets.  "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion."[15] "[It] precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."[16]  In doing so, it prevents a litigant from "playing fast and loose with the courts" and protects the integrity of the judicial process.[17]  While there is no formula for determining when to apply judicial estoppel, typically courts look at three factors: (1) whether the party's position is clearly inconsistent with his prior position; (2) whether the party succeeded in getting the first court to accept his earlier position; and 3) whether the party would derive an unfair advantage or impose an unfair detriment on another party if not estopped.[18]

"In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon to be filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action."[19]  The reason for such a rule is that the Bankruptcy Code and rules impose a duty upon debtors to include contingent or unliquidated claims as assets.[20]  "[If] the plaintiff-debtor represented in the bankruptcy case that no claim existed, so he or she is

---

[15]*New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks omitted).

[16]*Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).

[17]*Id.*

[18]*New Hampshire*, 532 U.S. at 750-51.

[19]*Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271 (9th Cir. 2013).

[20]*Hamilton*, 270 F.3d at 785.

1   estopped from representing in the lawsuit that a claim *does* exist."[21]  However, a

2   plaintiff-debtor can avoid the application of judicial estoppel when the omission was

3   inadvertent or a mistake.  What constitutes an inadvertent or mistaken omission is

4   defined narrowly in a situation where the plaintiff-debtor has not reopened bankruptcy

5   proceedings to correct the initial error—in such a situation courts ask "whether the

6   debtor knew about the claim when he or she filed the bankruptcy schedules and

7   whether the debtor had a motive to conceal the claim."[22]  If, however, the plaintiff-debtor

8   reopens bankruptcy proceedings and corrects the error, a less restrictive meaning of

9   inadvertence or mistake is applied—in such a situation the court looks more broadly at

10  the plaintiff-debtor's subjective intent.  That is, "[t]he relevant inquiry is not limited to the

11  plaintiff's knowledge of the pending claim and the universal motive to conceal a potential

12  asset."[23]  Rather, the court looks at whether the omission was made without the intent to

13  conceal.[24]

14       Here, Plaintiff has recently reopened his bankruptcy proceedings, and therefore,

15  the court must consider Plaintiff's subjective intent when omitting his LTD benefits claim

16  from his bankruptcy schedule.  Of particular note is that Plaintiff submitted a declaration

17  to the court averring that he had no intent to conceal his potential LTD benefits from the

18  bankruptcy court.[25]  While it is generally not appropriate to consider outside evidence at

19  the motion-to-dismiss stage, courts have recognized that some evidentiary analysis is

20

21       [21]*Ah Quin*, 733 F.3d at 271.

22       [22]*Id.*

23       [23]*Id.* at 276-77.

24       [24]*Id.*

25

26       [25]This fact distinguishes the situation from *Dzakula v. McHugh*, 746 F.3d 399 (9th Cir.
    2014).  In *Dzakula*, the appeals court upheld the district court's application of judicial estoppel
27  where the plaintiff failed to include her discrimination claim in her bankruptcy schedules.  The
    appeals court stressed that the plaintiff failed to present any evidence explaining her failure to
28  include the action on her bankruptcy schedules.  *Id.* at 401.

1    warranted when looking at a plaintiff-debtor's subjective intent in regard to his

2    bankruptcy filings.[26]   Plaintiff's declaration states as follows:

> 7.   When we hired Oswalt Law Group to represent us in the bankruptcy proceedings, I was always candid about my LTD matter and my disabled status.  I discussed the LTD claim and my receipt of Social Security Disability Insurance benefits with [the attorney] from Oswalt Law Group when we met in person prior to filing.  I thought that Oswalt Law Group was taking care of appropriately listing my LTD claims and any other disability issues in the bankruptcy petition.
>
> 8.  I reviewed the voluntary petition before signing it, and it looked fine to me. If I knew that appealing Prudential's denial of LTD benefits meant that those LTD benefits were an asset, even though I was not receiving any benefits, then I would have spoke up to include them. . . . I have no expertise in bankruptcy law and believed that the filings provided the necessary information.
>
> 10. . . . In signing the bankruptcy paperwork, I assumed everything was fine based on my limited knowledge.  The disability benefits were listed in the Statement of Financial Affairs section, so we absolutely were not hiding the benefits or related claims.  I would have gladly listed the LTD claims as an assert if I knew to do that.[27]

These statements are sufficient at this stage to show that there was no intent to conceal

on the part of Plaintiff.  That is, the court "finds it plausible that Plaintiff's omission of his

potential claims against Defendants was mistaken or inadvertent."[28]  He disclosed them

to his attorney and listed his LTD benefits in the financial affairs section of the

bankruptcy petition.  While it remains to be seen why the bankruptcy attorney did not

properly list the claim for LTD benefits as an asset, the court must look at the subjective

---

[26]*See Dzakula,* 746 F.3d at 401 (noting that the plaintiff "presented no evidence, by affidavit or otherwise, explaining her initial failure to include the action on her bankruptcy schedules"); *see also Zyla v. Am. Red Cross Blood Servs.*, No. 13-cv-2464, 2014 WL 3868235, at *8 (N.D. Cal. Aug. 6, 2014) ("[A]lthough courts do not typically looks outside the pleadings to decide a motion to dismiss, the Court finds it necessary to consider [the plaintiff's] declaration in deciding whether the inadvertence/mistake exception applies.").

[27]Doc. 23-1 at pp.22-23.

[28]*Powell v. Wells Fargo Home Mortg.*, No. 14-cv-04248, 2015 WL 4719660, at *6 (N.D. Cal. Aug. 7, 2015).

-8-

intent of the plaintiff-debtor, not his counsel.[29]  While Defendants contend that Plaintiff's

declaration is self-serving, they do not put forth any evidence to suggest, or even

specifically argue, that it contains false statements.  Of note, Defendants to not disagree

that Plaintiff disclosed his LTD benefits in the financial affairs section of his petition.[30]

Even if there are factual disputes regarding the veracity of Plaintiff's declaration, the

court cannot dismiss Plaintiff's claim for benefits pursuant to a Rule 12(b)(6) motion

based on such a dispute.  "This finding does not, however, preclude the parties from

pursuing further factual development for further adjudication as to whether judicial

estoppel applies."[31]

**B. Counts II and III**

In Counts II and III, Plaintiff asserts a fiduciary misconduct claim against

Prudential and JPMorgan, respectively, under § 1132(a)(3).  In *Variety Corp. v. Howe*,[32]

the Supreme Court held that § 1132(a)(3) authorizes lawsuits for individualized

equitable relief.  The Court further explained that § 1132(a)(3) is a "catchall" provision

designed to provide "appropriate equitable relief for injuries caused by violations that

[§ 1132] does not elsewhere adequately remedy."[33]  That is, when § 1132(a)(1)(B)

provides adequate relief for a plaintiff's injury, equitable relief under § 1132(a)(3) is not

"likely" or "normally" appropriate.[34]  Defendants argue that Plaintiff's § 1132(a)(3) claims

---

[29]*Zyla*, 2014 WL 3868235, at *7; *see also Just Film, Inc., Merch. Servs., Inc.*, 873 F. Supp. 2d 1171, 1179 (N.D. Cal. 2012) (finding no bad faith where the plaintiff disclosed pending lawsuit to bankruptcy attorney who failed to include it in the bankruptcy schedules).

[30]The court has no other basis to conclude that this statement is untrue because the bankruptcy petition was not attached to the motion to dismiss even though Defendants indicated in their memorandum that the petition was filed as an attached exhibit.  *See* doc. 15 at p. 5.

[31]*Powell,* 2015 WL 4719660, at *6.

[32]516 U.S. 489 (1996)

[33]*Id.* at 512.

[34]*Id.* at 515.

should be dismissed because Count I will provide adequate relief to address Plaintiff's injury and therefore additional equitable relief is not appropriate.

The Ninth Circuit most recently addressed § 1132(a)(3) in *Wise v. Verizon Communications, Inc.*[35]  The Ninth Circuit applied *Variety* to bar a claim for breach of fiduciary duty under § 1132(a)(3) where the plaintiff sought equitable relief in the form of an award of past and future benefits and removal of the plan administrators as fiduciaries.  The court explained that the requested relief was duplicative of relief she sought under other ERISA provisions.  Here, Plaintiff's complaint does not on its face run afoul of *Wise* because Counts II and III do not request the same remedy as Count I. Count I seeks to recover all benefits due under the terms of the Plan, to enforce his rights under the Plan, and to recover attorney's fees and prejudgment interest.[36] Count II seeks to enjoin Prudential from using "neighborhood canvassing," seeking overpayment resulting from social security disability insurance benefits, using "flight paths" as a way to deny benefits based on financial liability instead of the merits, and seeking an independent medical examination on appeal in order to toll ERISA deadlines.[37]  Count III simply seeks to "enjoin any act or practice by Defendants, which violates ERISA or the Plan" and obtain "other appropriate equitable relief that is traditionally available in equity."[38]

Count II also seeks monetary relief in the form of a surcharge based on the debt and bankruptcy attorneys' fees he incurred because of Prudential's breaching conduct.[39]

---

[35]600 F.3d 1180 (9th Cir. 2010).

[36]Doc. 1 at pp. 25-26.

[37]Doc. 1 at pp. 27-32.

[38]Doc. 1 at p. 34.

[39]Doc. 1 at p. 26.

-10-

1   However, based on *CIGNA Corp. v. Amara*,[40] the fact that Plaintiff seeks monetary

2   compensation in both Count I and Count II does not make the requests duplicative.  In

3   *Amara*, the Supreme Court held that reformation of a pension plan was not a remedy

4   available under § 1132(a)(1)(B), but it also went on to address whether such a remedy

5   could be considered "appropriate equitable relief" under § 1132(a)(3).  The Court

6   defined that term as "those categories of relief that, traditionally speaking . . . were

7   typically available in equity."[41]  It explained that equitable relief can take the form of

8   monetary compensation, referred to as a surcharge.  "The surcharge remedy was

9   extended to a breach of trust committed by a fiduciary encompassing any violation of a

10   duty imposed upon that fiduciary" and could be imposed to compensate a plaintiff "for a

11   loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust

12   enrichment."[42]  While the Court's discussion of the specific types of equitable relief in

13   *Amara* is dicta, the court nonetheless applies it as persuasive authority.[43]  Indeed, in

14   *Gabriel v. Alaska Pension Fund*,[44] the Ninth Circuit recognized that, based on *Amara*,

15   monetary compensation is not necessarily barred as a potential remedy under

16   § 1132(a)(3) as long as the claim is brought by a beneficiary against a plan fiduciary for

17   losses resulting from a trustee's breach of duty or to prevent a trustee's unjust

18   enrichment.[45]  In Count II, Plaintiff seeks the imposition of a surcharge to compensate

---

[40]563 U.S. 421 (2011).

[41]*Id.* at 439  (internal quotation marks omitted).

[42]*Id.* at 441-42.

[43]*See Valladolid v. Pac. Operations Offshore, LLP*, 604 F.3d 1126, 1131 (9th Cir. 2010) ("Of course, we treat the considered dicta of the Supreme Court with greater weight and deference 'as prophecy of what that Court might hold.'" (quoting *United States v. Montero-Camargo*, 208 F.3d 1122, 1132 n. 17 (9th Cir. 2000) (en banc)).

[44]773 F.3d 945 (9th Cir. 2014).

[45]*Id.* at 963.

1  him for the extra-contractual losses resulting from Prudential's fiduciary breaches.

2  Thus, a surcharge could potentially be a non-duplicative, appropriate equitable remedy.

3          Defendants argue that even though Counts II and III may seek relief that is

4  distinct from the relief sought in Count I, they should nonetheless be dismissed because

5  they are based on the same allegedly wrongful conduct that forms the basis of

6  Count I—improper claims handling and denial—and therefore Count I will provide an

7  adequate remedy to address such conduct.  There has been no subsequent Ninth

8  Circuit precedent discussing how *Amara* affects *Wise* and *Variety*, and there is no other

9  precedent that provides further guidance in determining when § 1132(a)(1)(B) will

10 necessarily provide adequate relief or that would clearly bar Plaintiff's § 1132(a)(3)

11 claim at the outset as Defendants suggest.  However, the court finds the Second

12 Circuit's decision in *New York State Psychiatric Association, Inc. v. UnitedHealth

13 Group*,[46] to be persuasive.  That case also involved a plaintiff bringing a claim under

14 § 1132(a)(1)(B) for wrongful denial of benefits and a claim under § 1132(a)(3) for breach

15 of fiduciary duty based on the wrongful denial of benefits.  The court held that even

16 though the two claims were based on the same allegations of wrongful denial of

17 benefits, the plaintiff was not necessarily limited to a § 1132(a)(1)(B) cause of action.[47]

18 It stressed that a plaintiff was only barred from obtaining a duplicative *remedy* under

19 ERISA.  Therefore, it concluded that the district court must evaluate a plaintiff's ERISA

20 claims under both sections before deciding whether recovery of benefits under

21 § 1132(a)(1)(B) fully compensates the plan participant for his injury, thereby rendering

22 any other remedy duplicative, or whether an additional equitable remedy is appropriate

23 to make the plan participant whole.  Based on *New York Psychiatric Association*, at this

24 motion-to-dismiss stage, the court here cannot sufficiently determine whether recovery

25

26          [46]798 F.3d 125 (2d Cir. 2015).

27          [47]*Id.* at 134 ("'Variety Corp. did not eliminate a private *cause of action* for breach of
   fiduciary duty when another potential remedy is available.'" (quoting *Devlin v. Empire Blue
28 Cross & Blue Shield*, 274 F.3d 76, 89 (2d Cir. 2001)).

1   of benefits under § 1132(a)(1)(B) will provide adequate relief.  Other courts in this

2   district and in this circuit have concluded similarly when confronted with such an issue in

3   a motion to dismiss.[48]

4         Defendants cite the Sixth Circuit's en banc decision in *Rochow v. Life Insurance*

5   *Company of North America*[49] to argue that when allegations of wrongful denial of

6   benefits form the basis for both a claim under § 1132(a)(1)(B) and under § 1132(a)(3),

7   as is the case here, the claim under § 1132(a)(3) is categorically barred as duplicative

8   because there has not been a separate and distinct injury pled.  In *Rochow*, the plaintiff

9   sought to recover under both §1132(a)(1)(B) and § 1132(a)(3) for the defendant

10  insurance company's arbitrary and capricious denial of LTD benefits.  Specifically, he

11  brought a standard claim under § 1132(a)(1)(B), for which he sought recovery of

12  benefits, and also a claim for breach of fiduciary duty under § 1132(a)(3) based on the

13  defendant's continued withholding of the wrongfully denied benefits, for which he sought

14  disgorgement of the profits defendants received as a result of its wrongful denial.  The

15  Sixth Circuit found that the plaintiff's breach of fiduciary duty claim was essentially a

16  repackaging of his wrongful denial of benefits claim.  It believed the plaintiff only

17  suffered a single injury for which he could be adequately made whole under

18  § 1132(a)(1)(B).  Therefore, the court held that the plaintiff was not entitled to

19  disgorgement of profits under § 1132(a)(3).

20        Contrary to Defendant's assertion, *Rochow* does not clearly dictate that

21  § 1132(a)(3) claims based upon the wrongful denial of benefits be categorically barred

22  in a situation where the plaintiff also brings a § 1132(a)(1)(B) claim for wrongful denial of

23

24

_____

25        [48]*See Braun v. USAA Grp. Disability Income*, No. 13-cv-01923,  2014 WL 3339795, at *3

26  (D. Ariz. July 8, 2014); *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan*, No. 15-
    cv-01547, 2016 WL 107838, at *3-*4 (D. Ariz. Jan. 11, 2016); *A.F. v. Providence Health Plan*,

27  No. 13-cv-00776, 2016 WL 81796 (D. Or. Jan. 7, 2016).

28        [49]780 F.3d 364 (6th Cir. 2015) (en banc).

1   benefits.[50]  The court in *Rochow* specifically stated that a claimant can bring

2   simultaneous claims under both sections "where the breach of fiduciary duty claim is

3   based on an *injury* separate and distinct from the denial of benefits *or* where the remedy

4   afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate."[51]

5   Indeed, when determining whether the plaintiff was entitled to disgorgement of profits

6   under § 1132(a)(3), the court not only looked at the injury suffered but also at the

7   adequacy of the remedy available under § 1132(a)(1)(B) in making him whole.  It

8   concluded that equitable relief in the form of disgorgement of the defendant's profits

9   was not necessary to make the plaintiff whole, stressing that his "loss remained exactly

10  the same irrespective of the use made by [the defendant] of the withheld benefits."[52]

11  Thus, it disallowed disgorgement of profits as an appropriate equitable remedy under a

12  § 1132(a)(3).  Unlike the plaintiff in *Rochow*, Plaintiff does not request disgorgement of

13  profits as a remedy.[53]  Instead, the relief requested for Prudential's violation of

14  § 1132(a)(3), in addition to an injunction, is a surcharge to compensate him for extra-

15  contractual losses suffered as a result of Prudential's breach.  *Rochow* does not

16  address such a situation.  Moreover, Plaintiff specifically alleges that additional

17  monetary relief is necessary to make him whole, and the court cannot determine

18  whether this is true at the motion-to-dismiss stage.[54]  Therefore, the court concludes

19  _____

20      [50]Indeed, *Rochow* was decided after the development of a full factual record.

21      [51]*Id.* at 372 (stating that a claimant may simultaneously bring claims under both sections
22  "only where the breach of fiduciary duty claim is based on an *injury* separate and distinct from
    the denial of benefits *or* where the remedy afforded by Congress under § [1132(a)(1)(B)] is
23  otherwise shown to be inadequate" (emphasis added to "or")).

        [52]*Id.* at 374.
24

25      [53]Plaintiff asserts that Prudential was unjustly enriched but he does not ask for
    disgorgement of profits.
26
        [54]In *Rochow*, the court noted that the plaintiff did not make a showing that the benefits
27  recovered under §1132(a)(1)(B) were inadequate to make him whole but the court was making
    its determination based on a complete record.  The court here is reviewing the issue on a
28  motion to dismiss, based only on the complaint and without the benefit of a complete record.

that it should wait for a more fully developed record and summary judgment before deciding whether the relief sought by Plaintiff under Counts II and III is duplicative of the relief sought by Plaintiff under Count I.

### V.  CONCLUSION

Based on the preceding discussion, Defendants' motion to dismiss at docket 14 is DENIED.

Plaintiff's motion to strike at docket 27 is DENIED AS MOOT, given that the court found dismissal of Count I unwarranted without addressing the issue of exemption of LTD benefits from a bankruptcy estate.

DATED this 11th day of February 2016


/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE